The next case is Leff Cabraser Heimann & Bernstein LLP v. Labaton Sucharow LLP et al., case number 21-1069. Attorney Zacharoff, please introduce yourself to go on the record. May it please the court, my name is Samuel Zacharoff and I represent the law firm of Leff Cabraser Heimann & Bernstein, the appellant in this case. Good morning, Counselor. Good morning. Your Honor, this is an appeal solely over the question of Rule 11 findings directed by the district court against my clients. The question before the court is whether the procedural and substantive requirements of Rule 11 C.3 were met. Although this court has not addressed the exact question of what the content of a show cause order under Rule 11 C.3 must be, it has addressed the substantive import of such a finding and it has also addressed the question of the exacting standards of appellate review for any such finding. I will begin with the procedural requirements which, although as I said the Do you agree that the final judgment that was entered on January 19th, 2021 does not mention any sanctions against your client? It doesn't mention the word sanction as such. What it does mention is a finding under Rule 11 B of a violation which this court in Young, following other circuit courts, said was an appealable finding and an appealable order. So the judgment itself does not. So you want us to refer to the court's decision rather than the judgment that emanated from the court's decision? That is correct, Your Honor, but the judgment does reduce the amount of the attorney's fees that is paid to my client and if one looks at the long opinion, one sees that the same language that is used to find the Rule 11 B violation also is used to find the grounds for the reduction of the fees by 1.14 million and so in that sense it is carried forward into the judgment, Your Honor. Let me ask a practical question here. Is there any evidence or argument that your client would have presented had it received a more formal show cause order that it would now, if we would remand on procedural grounds, expect would result in a different result? Yes, Your Honor, I think there's at least two points there. My client sought to introduce evidence as to what was the nature of the report or the article by Professor Brian Fitzpatrick and in particular the significance of the standard deviation figure in giving the range of appropriate attorney's fees awards, number one, and number two, they sought to introduce evidence on what's called the Chargois issue, the illicit arrangement between the Labaton law firm and the Texas lawyer Chargois to pay a referral fee. On that second one, I understand that's not as part of the sanction. That the sanction wasn't because of that. So since we're only dealing with the sanction, that would seem to be irrelevant. And on the first one, I think you just said they did seek to introduce it, it just wasn't allowed. So how did a lack of notice cause you to miss an opportunity to seek to offer some evidence? Well, I think the case law in Rule 11 C-3 says that show cause carries the full burden of due process, not just in terms of notice, but in terms of the opportunity to be heard. And without the opportunity to be heard, the notice is worthless. But secondly, on your Honor's other point regarding the Chargois. Just before you move off of that, are you saying that you're appealing the denial of the chance to present it? Or are you saying that you're appealing, I'm just not understanding what the significance of that point you just made is. We're appealing the failure to follow the requirements of show cause under the express language of Rule 11 C-3. No, but on the issue of Fitzpatrick, did you make an offer of proof? Yes, we did, Your Honor. All right, so the court knew what evidence you wanted to present and made an evidentiary decision that it wasn't necessary to hear it. Are you saying that that was an abuse of discretion? I would say it's clearly an abuse of discretion, but I would go further. Are you appealing that? I know you might say that now, but I didn't understand that to be your argument in your brief or my misunderstanding. I think, Your Honor, that we appealed the lack of a show cause procedure for the imposition of a finding of a Rule 11 B sanction. I think all the decisions that were made attendant to that are incorporated in the notice of appeal on that point. That is, that we were not given a direct notice that we were at risk of Rule 11 sanctions or Rule 11 B. But if I understand just the train of argument to this point, the way we got to this part of the conversation was the question was, how did it hurt you? And you said it hurt you because there was evidence that you would have put forward. But then it turns out you knew enough to try and put the evidence forward. So now the argument appears to be, well, although we knew what evidence put forward and here it is, we submitted it. The problem is it was rejected. Is that the idea? That is part of the idea, Your Honor. It was also that there was never an evidentiary hearing on this point at all. There was never an evidentiary hearing that was entitled, did LEAF violate Rule 11? There was never notice given to LEAF that that was the extent of it. The reason we wanted to put this forward, Your Honor, was because the orders of the court below were that we were to address the propriety of the findings on attorney's fees. So these were proffered to show that there was no misrepresentation and that the initial attorney fee award was proper. Instead, it became a Rule 11 proceeding against LEAF for which there was no notice. So the district court transformed the hearing for which it gave notice into a hearing for which it had not given notice. It's still puzzling me for the reason I set out because it sounds like whatever notice you got, you haven't identified anything that you wouldn't have offered by way of evidence. You've simply said some evidence was rejected. So if we were to rule for you on this procedural ground, you would just then go back to Judge Wolf. It doesn't sound like you have any other evidence. Presumably, he'd probably give you the same result then with no new evidence or argument. And then a year or two from now, you'd be back up before us pressing your substantive point. It's very puzzling pragmatically. Your Honor, before I continue, I realize I forgot to ask for two minutes for rebuttal. I apologize for doing it at this time. I have not appeared before this court before. I apologize, if I may. But to answer, Judge, there were three grounds on which LEAF was found to have... Counselor, hang on. Yes, you may. Otherwise, Dan is not going to give it to you. Thank you very much, Your Honor. Thank you, Judge. There were three grounds on which LEAF was found to be deficient. One has to do with the rates it charged and the representation made in this case compared to the Bank of New York case. One has to do with Fitzpatrick. But the first two weren't. The result didn't lead to any sanction. So we really don't have those before us on appeal. Your Honor, I don't think the opinion is that clear on that. The opinion speaks of deficiencies giving rise to the finding under Rule 11B. It is true that it occurs at the point in the opinion where the discussion is about Fitzpatrick, but the same language is used consistently. And to be quite candid, the opinion meanders all over the place. So it's hard to make that express finding. That's simply not true with regard to the Chargois. He did not find any faults or misleading or attempt to deceive the court. He found a lack of diligence in investigating something that they probably should have investigated. Yes, he did. He did make that finding. So how can you say that was part of the sanction? Because it's all in the same part of the opinion where he talks about the reason for the reduction in the fee afforded to the LEAF Cabreza firm. And it's all bundled together under the question of the deficiencies of the LEAF presentation to the court. I want to just make sure you go back to the point, because I think your strongest basis for finding that there was a Rule 11 violation concerns the Fitzpatrick study, even if you contend the other things are also of light. But I think the opinion does specifically say there's a Rule 11 violation with respect to the Fitzpatrick study. So I just want you to tie up the point that Judge Caddo was asking you about, which, if I understand it, was what is the practical thing that is going to happen on remand, given that you had enough notice, practically speaking, to submit the evidence that you're now identifying as what you would put in on remand, that the district court considered that very evidence and then rejected it. What will happen on remand? What's our reason for thinking on remand he'll now accept it? I think two things would happen in remand. First of all, we would put in that evidence, so it would be fully part of a record, including the testimony from Professor Fitzpatrick. Excuse me, there's about two minutes left in the new configuration, two minutes in this argument. Thank you. And second, we would put in the evidence as to the totality of the representation made in our brief concerning concerning Fitzpatrick, not just Fitzpatrick, but the entire presentation of the evidence. With respect to the Fitzpatrick point, I take it, I thought you had said that, and I read your brief to be suggesting that there's nothing beyond what you already tried to submit that you would now be able to submit. That is correct. We would make more direct arguments if we knew that the question before the court was whether we should be sanctioned. So you think there's a fair chance that he would accept the evidence this time around, even if he rejected it the first time around? He would have to make findings as to why it rises to the level of a Rule 11, which I think is the import of this court's opinions in Young and Eldridge. Now that's a substantive objection more than the procedure one I thought that you Yes, I'm running out of time, so I want to blend into the substantive question that the district court, both in its initial opinion and in its recast in the attorney's fees, relied on the table that was presented at A119 of our brief, which it found, even in the sanctions opinion, to have been accurate, which depicts every single fee award of the size of this size in this circuit. And it is much more telling on the practices in this circuit than the Fitzpatrick report, which we would have introduced evidence contained no cases from this circuit in its analysis of the mega case question. But you made a proffer. I read the district court as saying that it didn't consider the proffer relevant to the other considerations that were more important to it. More specifically, the court faulted your client for the way it made the presentation and for not being more careful in pointing out the totality of what the Fitzpatrick said, that the court considered the way it was presented to have been somehow deceptive. Yes, Your Honor, and we think that that finding does not meet the standards. The substantive standards that this court has set forth in Young and Eldridge for the sanctioning of attorneys or for the finding of a Rule 11B violation. And it doesn't do so because it doesn't take the exposition in context. In the context, we discussed all the fee history in comparable cases in this circuit and discussed the Narantan opinion at the Fitzpatrick representation, including the Narantan court's discussion of Fitzpatrick and the debate over whether there should be a diminishing sliding scale in cases that have to do with large funds. And so all of that was presented. And this court has repeatedly said that the extremity of the finding of Rule 11B is so serious that there must be an extraordinary extraordinary violation. There must be extreme carelessness. Other courts have said that it must reach the standards for contempt. This court has not gone along with that because it said that, given that 11C3 doesn't have a safe harbor, no court would impose it except in the most serious of circumstances. And we submit that this doesn't nearly rise to the level of seriousness that this Thank you. Any other questions from colleagues? Thank you. At this time, would attorney Issacharoff please mute his audio and video and attorney Frank, please unmute and introduce yourself on the record to begin. Thank you. May it please the court, Ted Frank for the amicus. We're here today because LEAF is asking for over $1.1 million of class money to be given to it without anybody here representing the class's interests. And it does that without once mentioning the fact that it's appealing a Rule 23H ruling or mentioning the abuse of discretion standard for reviewing Rule 23H findings. And without mentioning that the initial $75 million fee award on which it relies was vacated in a Rule 60B1 motion and order that was uncontested and brought by the plaintiffs themselves. I think the court grasps the problems with LEAF's arguments here, but I do want to add that the court expressly considered the arguments that they say that the court, that they would have made that the court didn't consider, but the court does consider it and it addresses it. On the substance of the issue, do you have anything that would aid the court on the last point that counsel just made, which is how high the standard has to be for an 11B violation? I mean, if you think about the fact that a negative assessment of an argument or concern about the candor of an attorney that a judge might express in an opinion isn't appealable precisely because it's not framed as a Rule 11 violation, doesn't that suggest that it should be a relatively high standard for finding an context of the statement that we have here about this relatively complicated statistical study? Well, first the court addresses the argument about the statistical study at page 22 of the addendum in footnote 8 and then at length at pages 106 to 108. And we need to understand the context that this was an ex parte presentation, unopposed, and the court said it was relying on the forthrightness of counsel in Massachusetts imposes additional duties on counsel in an ex parte proceeding to be completely forthright about it, to not shade the numbers. And the fact that they're arguing, well, we left the needles in the haystack and if the court had just simply read every single page of our 771 page set of exhibits and every single one of the cases we cited discusses the Fitzpatrick study in more detail and discovered that Fitzpatrick's also talking about standard deviations and other things in exhibit 31 out of 32 exhibits, but that's not what the court was faced with in the brief. And this isn't a case of my strawberry pop tarts have pears in them. This is the case where the judge says I was affirmatively misled by the way you phrased this. And in other cases you phrased it correctly and I wouldn't have been misled. So you knew what you were doing here. And they made dozens of pages of transcripts argument on this. They had the notice that there were going to be, that sanctions were being considered for the way the fee application was presented and a variety of issues and problems with the fee application. And that's at the appendix from 293 to 302, 302 specifically saying the word sanctions. So on the issue of what rises to an 11B sanction, we didn't brief that because that wasn't, I think, fully presented in their appellate arguments. We're focusing more on the attorney's fees issue, but I think that the standard for what constitutes a rule 11B violation and what an attorney's duty of candor should be has to be, attorneys have to be held at a higher standard when it's an ex parte presentation because the judges are not trained to be investigators. They rely on adversary presentation and candor is absolutely critical in these ex parte presentations. Mr. Frank, let me ask you this. When the court convened this special master proceeding or referred it to the special master and the referral definitely contained the kind of notice about purported misconduct that you just referenced. Was the Fitzpatrick problem brought up before the special master? It was brought up in our briefing before the referral to the special master as one of the problems in the fee petition. The special master did not consider the Fitzpatrick. It did not consider several other things that the court asked it to consider. And what does that mean? Well, in other words, I'm trying to figure out if we've had an opportunity to present its Fitzpatrick argument before the special master. The special master didn't inquire into that or make any findings about Fitzpatrick. All right. And so now we have a de novo proceeding from the special master's report with Fitzpatrick requesting permission to put on additional information in support of its objections. Yes. In docket 543, the district court said, I want to hold a hearing about lots of things that the special master didn't consider. And the very number one item on that agenda was the Fitzpatrick study, at which point class counsel retained Fitzpatrick to give an expert opinion saying, here's how my study could have been interpreted so that it was a plausible argument. So a proffer was made and the court considered the proffer. Was the extent of the court's consideration that it was considering the substance of the proffer, but it didn't need additional testimony? Or was it a complete rejection of the proffer? Well, the court did consider the substance of it because it addresses the arguments. Fitzpatrick's making substantive arguments about how one could possibly interpret the study. He's not making arguments about this is what was actually said. And what they said was the mean and the median's 25%. And they didn't mention the mega fund issue. They didn't mention the declining percentages as the fund gets larger. And they didn't mention standard deviations at all in the initial fee petition. But they made all of those arguments in testimony, in briefing, and then the court considered those arguments again at page 22 and pages 106 to 108 of the addendum. So I guess I'm trying to think through. It's abuse of discretion, but I'm trying to figure out how we ought to consider if there was any prejudice from the court's failure to hold a formal evidentiary hearing. Well, there was a formal evidentiary hearing. They took testimony. They took arguments. The only evidence that the court did not take was testimony from Fitzpatrick. This is what my study really secretly means as a paid witness. And the court said it wasn't helpful. I was actually misled. And your argument that they could have made a different argument that wouldn't have been misleading doesn't change the fact that the argument that they did make was misleading. And again, the court did consider the substantive arguments rather than just, it just didn't give any weight to the opinions or consider the opinions. The one thing you mentioned, the right way to think about the Rule 11 issue for us is not, and maybe I misheard you. I thought you had a, they knew what they were doing, finding in misleading. That's what you said. Is that the right way to understand that that's a required part? I don't think that it's required. The court said you presented this in a non-misleading fashion in other cases and you didn't do so here. And you expected me to, I don't think it used the words needle in a haystack. Is it relevant for the Rule 11 issue, whether there's a finding about their intention or is it enough for Rule 11 violation that I was asking? Does it have to be a finding of intention in order for there to be a Rule 11 violation? I don't have an answer for that, your honor. Was there a finding of intention here? Four minutes remaining, four minutes. I apologize that I don't. The court specifically said on page 125 that there was an 11B violation. Yes. Again, you know, to reduce the attorney's fees, and we don't agree that attorney's fees were reduced here because the court was starting from a baseline of zero and then saying the information is 60 million and I hereby allocated such. But recall that to reduce attorney's fees in this circuit, you don't need a finding of a Rule 11 violation. Just any sort of misconduct, even falling short of Rule 11, is enough to reduce fees, even reducing fees to zero as happened in the first state case in 2005. And in other cases where hours were overstated, this court affirmed a court's decision to reduce the hourly request by 33%. So again, this was a very generous fee award. This is above the Fitzpatrick median. This is above the median of their other experts' statistical study. There was no monetary sanction There was no referral to the U.S. attorney for this very strange payoff to Chargeois. This was a very generous award that wasn't in the views of discretion under Rule 23-H. But with respect to a finding that at worst is an admonishment, it said that this was misleading and you did not intend to correct the misleading. But you did submit it accurately in other cases. I'm happy to answer any other questions the court might have. Thank you, Counselor. Thank you, Your Honors. At this time, Mr. Frank, please mute your audio and your video. Attorney Zakharoff, if you could please unmute and you can begin by reintroducing yourself for two minutes of rebuttal. Samuel Zakharoff for Appellant Leaf. First of all, we are not appealing the attorney fee award. The reduction to 20% was within the discretion of the district court and we do not challenge that. There's just no question under 23-H presented here. We are appealing the finding of a Rule 11 violation for the presentation of the Fitzpatrick study. If I can direct the court's attention for a second to page A, appendix 121, where the issue that Fitzpatrick later is introduced for is first presented. The brief says that we submitted says some courts, at least in megafund cases, have lowered the fee percentages. The size of the settlement increases to avoid giving attorneys a windfall at the plaintiff's expense, citing Neurontin in turn, citing the in-ray city bond litigation from New York. Other courts have disfavored the practice, however, and courts in this circuit resisted. That is an entirely accurate statement of the way that these matters are handled for this court and by district courts within the circuit. That is insufficient under this court's rulings for a Rule 11B finding. This court has on several occasions, as in Young, as in Eldridge, said that Rule 11 is not a strict liability offense. There must be a volitional element of an intent to deceive, and there has to be a finding on that basis. So, Judge Barron, that's, I think, the answer to Your Honor's question about what the appropriate standard must be. It also is a fact that... And you're saying there's just no evidence in the opinion on the Rule 11 issue of that finding? That is correct, but I would go beyond that, Your Honor. And the question is, who bears the burden on this issue? This court has been very proceeding. The district court is the trier of fact, it is the presenter of evidence, and it is the prosecutor. And under those circumstances, there's no question that the district court has to present what the evidence is that's thought to be violative of Rule 11 and give the full opportunity with the burden being, if you will, on the movement, the district court. One last question. If there was a reason to remand on this issue, are you saying we then have to conclude that the million-dollar issue also has to be remanded because it's the only way to read the opinion is that that million-dollar conclusion is tied in part to this finding? I raise that as an additional point. Our concern is with the Rule 11b finding. There are some decisions of this court that have indicated that without a monetary component, there may not be an appealable order. So we are appealing that as well. If the court were to vacate the findings on Rule 11b for procedural violations, then I think that everything should be remanded. And I would just take a moment to remind the court that you're not appealing the 20%. If this is deemed to be, by a subsequent finder of fact, if this is deemed to be a punishment pursuant to the Rule 11 finding and the court were to vacate the Rule 11 finding, there would have to be a reassessment of that as well. But for us, that is truly a secondary matter. What we are concerned about is the impropriety of the 11b finding. And Judge as this court is aware, the District of Massachusetts has a rule I believe unique in the country that a remand presumptively goes to a second to a new judge. And in the circumstances where the court below has been such an active proponent of its views and has filed opinion after opinion that looks like briefs, I would think that this is an appropriate case for a remand to a new judge. And I would think that the entirety of the court's findings as regards would be appropriately before that new court. Thank you. Thank you, Your Honors. That concludes arguments in this case. Attorney Izakaroff and Attorney Frank, you should disconnect from the hearing at this time.